# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA A. WHITENER, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-1552** |
| **PLIVA, INC., ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Teva Pharmaceutical, Inc.'s Motion to Dismiss (Rec. Doc. 12). For the following reasons, the Defendant's motion is now DENIED.

**I.  BACKGROUND**

Plaintiffs Joshua A. Whitener, Sr., and Lindsey C. Whitener brought this suit for personal injuries to Mrs. Whitener and to their son, Lucas Whitener, allegedly caused by the anti-emetic drug metoclopramide. Plaintiffs allege that while Mrs. Whitener was pregnant with Lucas, she was prescribed metoclopramide to treat nausea and morning sickness. Metoclopramide is the generic form of the name brand drug Reglan. Plaintiffs allege that metoclopramide was not approved by the FDA to for prescription to pregnant women and that the prescription of Mrs. Whitener's metoclopramide was off-label. Plaintiffs allege that the metoclopramide caused Lucas to be born with severe developmental disabilities, and has also physically injured Mrs. Whitener.

Defendants are pharmaceutical entities alleged to have designed, manufactured, marketed, or sold metoclopramide. Plaintiffs state in their petition that the pills Mrs. Whitener took were labeled "PLIVA 430." Complaint ¶ 45. PLIVA, Inc. is a named defendant. Nonetheless, Plaintiffs do not expressly allege which of the Defendant pharmaceutical entities manufactured the metoclopramide pills that Mrs. Whitener was prescribed or which were

involved in the chain of commerce which delivered the pills to her. Rather, Plaintiffs allege in the alternative that each of the Defendant pharmaceutical companies designed, manufactured, marketed, and/or sold metoclopramide. Further, Plaintiffs allege that in light of published studies the Defendants knew or should have known of the risk of birth defects if metoclopramide is prescribed during pregnancy; that the defendants failed to warn of that risk, and in fact actively concealed it; and that in spite of that known risk, defendants marketed or otherwise promoted metoclopramide for off-label prescription to pregnant women.

## II.    PRESENT MOTION

Defendant Teva Pharmaceuticals USA, Inc., ("Teva") has filed a motion to dismiss all of Plaintiffs' claims against it other than those brought under the Louisiana Products Liability Act ("LPLA"). Plaintiffs have alleged claims under the LPLA, as well as alternative theories sounding in misrepresentation or fraudulent concealment of metoclopramide's teratogenic effects. *See* Complaint at ¶¶ 84-87. Teva argues that "Plaintiffs' claims against Teva must be limited to claims for products manufactured by Teva," (Rec. Doc. 12-1 at 4), which are governed exclusively by the LPLA, and therefore all non-LPLA claims against it must be dismissed.

Plaintiffs admit that the LPLA limits the claims they can bring against Teva as a manufacturer of a drug, but argue that it does not apply to Teva's potential liability as a seller of a drug. Plaintiffs assert that they have alleged in the alternative that Teva sold the pills in question and that they have adequately stated a permissible non-LPLA claim against Teva in its alleged capacity as a non-manufacturing seller.

## III.   LAW & ANALYSIS

The Court has jurisdiction over this case under 28 U.S.C. § 1332 due to the complete

diversity of parties. Accordingly, federal procedural law and Louisiana substantive law govern Plaintiffs' claims. *Huss v. Gayden*, 571 F.3d 442, 449 (5th Cir. 2009).

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, a party is entitled to plead alternate and inconsistent claims. Fed. R. Civ. Pro. 8(d)(2)-(3). Once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

The LPLA provides the exclusive theories of recovery against manufacturers of a product for damages caused by their product. La. Rev. Stat. 9:2800.52; *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). Non-LPLA causes of action, such as negligence, strict

liability, or breach of express warranty, are not available against the manufacturer of a product for damages caused by that product. *Stahl*, 283 F.3d at 261. However, the LPLA does not govern claims against a non-manufacturing seller of a product. *See* La. Rev. Stat. 9:2800.53. A seller is one "who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." *Id.*[1] Under Louisiana law, a non-manufacturing seller is liable for damages caused by a product he sold "if he knew or should have known that the product sold was defective, and failed to declare it." *Slaid v. Evergreen Indem., Ltd.*, 32,363, p. 6 (La. App. 2 Cir 10/27/99); 745 So. 2d 793, 797.

In the present case, Plaintiffs plead in the alternative that Teva was either a manufacturer *or* a seller of the specific metoclopramide pills at issue. If Teva manufactured the pills in question then Plaintiffs are limited to the LPLA causes of action. But if Teva merely sold the pills the LPLA does not govern Plaintiffs' claims. *Slaid*, 32,363 at p. 6; 745 So. 2d at 797. Plaintiffs have adequately stated a claim under Louisiana law for their alternative theory of non-manufacturing seller liability. Plaintiffs allege that Teva was in the business of selling metoclopramide. Plaintiffs cite published medical studies regarding the risks of prescribing metoclopramide to pregnant women and allege that Teva had actual or constructive knowledge of those findings. Plaintiffs allege that Teva actively downplayed that risk and promoted metoclopramide for off-label prescription to pregnant women. These factual allegations, accepted as true on this Rule 12(b)(6) motion, state a claim that Teva sold the pills, "knew or should have known that the product sold was defective, and failed to declare it." *See id.*

---

[1] Under certain circumstances, a seller can also be a manufacturer under the LPLA. La. Rev. Stat. § 9:2800.53(1)(a)-(d). At this stage, the pleadings and briefing do not implicate these exceptions.

Teva relies on *Morris v. Wyeth, Inc.*, but that decision is distinguishable. 2009 WL 5342507 (W.D. La. Nov. 18, 2009). In *Morris*, the plaintiff sued several pharmaceutical companies for personal injuries allegedly caused by metoclopramide, asserting theories under the LPLA as well as negligence, strict liability, unfair trade practices, breach of warranties, misrepresentation, and fraud. *Id.* at *1-2. The plaintiff specifically amended her complaint to identify two defendants as the manufacturers of the pills that she took. *Id.* at *2. The court granted motions to dismiss all non-LPLA claims against the defendants identified as the manufacturers. *Id.* Here, Plaintiffs have not alleged only that Teva manufactured the pills at issue. Rather, Plaintiffs have alleged in the alternative that Teva was a non-manufacturing seller of the pills. The LPLA does not limit causes of action against a non-manufacturing seller, and therefore Plaintiffs are entitled to proceed with their non-manufacturing seller theory.

Accordingly, IT IS ORDERED that the Teva's motion is DENIED. The Court will entertain future motions pursuant to Federal Rule of Civil Procedure 56 after discovery has established what role, if any, Teva played in manufacturing or selling the pills which allegedly injured Plaintiffs.

New Orleans, Louisiana, this 27th day of   July  , 2010.

_____
UNITED STATES DISTRICT JUDGE