UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSHUA WHITENER, ET AL.**                        **CIVIL ACTION**

**VERSUS**                                         **NO:      10-1552**

**PLIVA, INC., ET AL.**                            **SECTION: "L" (4)**

### ORDER

Before the Court is Defendant, TEVA Pharmaceuticals USA, Inc.'s ("Teva") **Motion for Protective Order (R. Doc. 228)** seeking an Order from this Court to issue a protective order pursuant to Federal Rules of Civil Procedure ("Rule") 26(c) staying discovery as to Teva, on the grounds of lack of product identification. *See* R. Doc. 228, p. 1. The Motion is opposed. *See* R. Doc. 236.  It was heard on the briefs on November 13, 2013. [1]

### I.     Background

This action was filed on February 11, 2010, in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, by Plaintiffs, Joshua A. Whitener, Sr., and Lindsey C. Whitener, each individually and on behalf of minor child, Lucas C. Whitener (collectively "Plaintiffs") against Defendants PLIVA, Inc.; Barr Laboratories, Inc.; Barr Pharmaceuticals, Inc.; Watson Pharmaceuticals, Inc.; PLIVA Hrvatska d.o.o; Teva Pharmaceuticals USA, Inc.; and Teva

---

[1] Teva's underlying motion is similar to the previously filed **Motion for Protective Order (R. Doc. 201)** filed by the Generic Defendants, Pliva and Barr Laboratories, which sought an Order from this Court prohibiting Plaintiffs from conducting additional discovery regarding matters unrelated to 'proximate cause' issue set forth in defendants motion for summary judgment filed on September 9, 2012 (R. Doc. 175) to prevent undue burden and expenses annoyance and or oppression," among other requested relief. (R. Doc. 201, p. 1).

Pharmaceutical Industries, Ltd. (collectively the "Generic Defendants") and Dr. John McCrossen and the Rue de Sante Women's Center. *See* R. Doc. 1, p. 2, ¶1; *see also* R. Doc. 171-1, p.1. Defendants stated that "following dismissal of Dr. McCrossen and the Rue de Sante Women's Center while plaintiff pursued separate administrative proceedings against them before a medical review panel, this case was removed to this Court." *Id.*

Plaintiffs's instituted this action alleging that Defendants "negligently failed to warn the patient, Ms. Whitener, or her health care providers and pharmacies, regarding the ingestion of metoclopramide during pregnancy, which allegedly caused injury to Lucas Whitener." *Id.* at p.2-3, ¶3. As a result, plaintiffs claim they are entitled to damages under the Louisiana Products Liability Act, "including, but not limited to pain and suffering, fear, mental anguish, loss of love and affection, loss of companionship, grief and mental anguish, loss of society and consortium, loss of personal service, loss of support past and future medical expenses, lost wages (past and future), and other financial loss/detriment and injury." *Id.*

Plaintiffs allege that the Defendants' "purported promotion of Reglan / meoclopramide resulted in Dr. McCrossen, Mrs.Whitener's obstetrician/gynecologist, prescribing Reglan to her in July 2008 while she was pregnant and that such prescription ultimately resulted in injuries to her son (L.C.). *See* R. Doc. 171-1, p. 2. Defendants argue that Plaintiffs possess no evidentiary support for their allegations against them, and that they believe it is Plaintiffs intention to conduct lengthy discovery "in a futile attempt to prove their unsupported allegations." *Id.* As such, on September 9, 2013, Defendants filed a Motion for Summary Judgment on the lack of proximate cause for the "off-label promotion" claims of Plaintiffs. *See* R. Doc. 228-3, p. 2.

Teva contends that on September 10, 2013, only one day after their pending Motion for

Summary Judgment was filed, it along with PLIVA, Inc., Barr Laboratories, Inc., and Teva Pharmaceuticals USA, Inc., received the pharmacy records of Plaintiff, Lindsey Whitener, which indicated that her medications were filled with PLIVA, Inc.'s metoclopramide product, but not with any other Defendants' products. *See* R. Doc. 228-3, p.1.

Teva contends that even in light of the off-label promotion Motion for Summary Judgment and the potential lack of product identification Plaintiff had with its product, Plaintiffs propounded Interrogatories, Requests for Admissions and Requests for Production of Documents to all Defendants, on September 14, 2013. *See* R. Doc. 228-6, p. 2. Shortly thereafter, the Generic Defendants', including Teva, filed a joint Motion for Protective Order (R. Doc. 201) on September 27, 2013, seeking to prevent the "Generic Defendants from having to spend time and resources responding to burdensome discovery that was unrelated to the discreet issue in Generic Defendants' Joint Motion for Summary Judgment." *See id.*

In turn, Plaintiffs filed a Motion seeking to shorten the time within which Defendants had to respond to this discovery, and or among other requested relief, compel Defendants to respond to the requests. *See* R. Doc. 197. On October 16, 2013, the Court granted in part and denied in part Plaintiffs motion to compel and Defendants' Motion for Protective Order in a joint order, as both motions pertained to the September 14, 2013 discovery requests. *See* R. Doc. 222.

As to the instant motion, due to the recent discovery that Plaintiff allegedly did not take metoclopramide products from any of the generic defendants other than PLIVA, Teva seeks a Protective Order from this Court staying all of its discovery obligations until resolution of the currently pending motion for summary judgment. *See* R. Doc. 228-3, p. 6. The underlying motion has been opposed and is noticed for submission on November 13, 2013.

3

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders.  It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c)(1). Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998); *see also Baggs v. Highland Towing, L.L.C.*,No., No. 99-1318, 1999 U.S. Dist. LEXIS 11450, at *6-7, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

**III.    Analysis**

Here, Teva seeks a Protective Order from this Court staying all of its discovery obligations pending the resolution of its currently pending motion for summary judgment on off-label promotion or in the alternative and if necessary, until Teva's motion for summary judgment due to lack of Teva product use. It contends that Plaintiffs cannot establish that they ingested Teva's product. See R. Doc. 228-3, p. 2, 6.

In opposition Plaintiff contends that the Barr, Pliva and Teva entities, including Teva Pharmaceuticals USA, Inc., merged in late 2008, thereby Plaintiffs claims are not foreclosed against Teva, as there may be a possibility that Plaintiff, Lindsey Whitener and her son ingested medication manufactured by Teva. *See* R. Doc. 236, p. 2.

As stated above, a district court, pursuant to Rule 26 (c) may issue a protective order for good cause, in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). As such, a Court may issue a protective order to stay discovery pending the disposition of a motion to dismiss and or motion for summary judgment when the party seeking such protection proves its necessity. *See e.g., Dresser v. MEBA Med. & Benefits Plan,* No. 08-2662, 2008 WL 2705584, at *2, n.3 (E.D. La. Jul. 10, 2008) (temporary stay of discovery did not amount to an abuse of discretion as a "plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law"); citing *Aguirre v. Nueces County, Texas*, 217 Fed. App'x. 348, 2007 WL 486854 (5th Cir. 2007) (noting that a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts'").

Here, the pharmacy history sheet attached to Teva's Motion for Protective Order indicates that Plaintiff, Lindsey Whitener ingested "metoclopramide" manufactured by Defendant PLIVA, and not Teva, during the month of July, 2008. *See* R. Doc. 228-4, pp. 2-4. Also publically available information establishes that on July 18, 2008, Teva announced that it would be acquiring Barr Pharmaceuticals, a manufacturer of generic pharmaceuticals, and a subsidiary of Pliva, Inc. This merger was projected to be finalized in the fourth quarter of 2008.

On December 23, 2008, Teva announced its merger with Barr Pharmaceuticals was complete.[2] Therefore, the date Plaintiff ingested Pliva's product predates the merger of Barr, Pliva, Inc.'s subsidiary, and Teva. As such, the Court finds that the metoclopramide Plaintiff ingested during July

---

[2]*See* http://www.pliva.com/press/news/article/888/TEVA-COMPLETES-ACQUISITION-OF-BARR.html.

2008 was likely, as identified in the pharmaceutical records of Plaintiff, a Pliva and not Teva, product. The Court finds that Teva has presented sufficient good cause to warrant a temporary stay in discovery as continued discovery will not likely produce facts necessary to withstand judgment as a matter of law.

**IV.    Conclusion:**

Accordingly,

**IT IS ORDERED** that Defendant, TEVA Pharmaceuticals USA, Inc.'s ("Teva") **Motion for Protective Order (R. Doc. 228)** is **GRANTED**. Discovery is suspended pending the resolution of Teva's dispositive motion, or until the presiding District Judge orders otherwise.

New Orleans, Louisiana, this 19th day of November 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**