UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA A. WHITENER, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1552 |
| PLIVA, INC., ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant Meda Pharmaceuticals Inc.'s motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and entry of judgment pursuant to Rule 54(b). (Rec. Doc. 273).

By way of background, this pharmaceutical products liability action arises out of congenital injuries to Lucas Whitener, son of Plaintiffs Joshua Whitener, Sr. and Lindsey Whitener, as well as injuries to Ms. Whitener, allegedly caused by the anti-emetic drug metoclopramide. The Whiteners allege that while Ms. Whitener was pregnant with Lucas, she was prescribed metoclopramide to treat nausea and morning sickness. Metoclopramide is the generic form of the brand-name drug Reglan.

The Whiteners filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist against a variety of pharmaceutical entities, which allegedly designed, manufactured, marketed, or sold metoclopramide, as well as her treating doctor and clinic. The claims against the doctor and clinic were dismissed in state court on grounds of prematurity (Rec. Doc. 1-3 at 39), and the pharmaceutical entities removed to this Court. (Rec. Doc. 1).

On September 9, 2013, the Whiteners submitted a revised second amended complaint, which was entered into the record the following day. (Rec. Doc. 181). In that complaint, they allege:

> Defendant Meda Pharmaceuticals, Inc. is the parent company of Defendant Alaven Pharmaceutical LLC and therefore is liable for any and all tort liabilities of Defendant Alaven Pharmaceutical LLC. In addition, Defendant Meda Pharmaceutical, Inc., was involved in the manufacture, distribution, marketing, sales, and labeling of Reglan®.
> . . . .
> In or around October 2010, Meda acquired Alaven. The company, which is paying eight times earnings before interest, taxes, depreciation and amortization before synergies, says that Alaven will further diversify its revenue base in the USA, "as well as serve as a platform for commercializing strategic pipeline opportunities".

(*Id*. at 2, 8).

Several of the pharmaceutical entities, including Defendant Alaven Pharmaceutical, LLC, filed motions for summary judgment. (Rec. Docs. 175, 233, 258). On March 27, 2014, this Court granted each of those motions. (Rec. Doc. 266). In doing so, it determined that Alaven Pharmaceutical was not liable because it had not distributed, sold, or manufactured the metoclopramide that Ms. Whitener ingested.

Meda Pharmaceuticals now moves for summary judgment on the basis that its own liability to the Whiteners stems solely from that of its subsidiary, Alaven Pharmaceutical, and that because its subsidiary is not liable, neither may it be. (Rec. Doc. 273). In response, the Whiteners reassert their opposition to Alaven Pharmaceutical's motion for summary judgment, but acknowledge that the ruling on that motion is dispositive with regard to the present motion, as well. (Rec. Doc. 283). The Court agrees.

For these reasons, **IT IS ORDERED** that Meda Pharmaceuticals motion for summary judgment (Rec. Doc. 273) is **GRANTED** and that the claims against it are **DISMISSED**.

**IT IS FURTHER ORDERED** that, having expressly determined that there is no just reason for delay, an entry of judgment pursuant to Rule 54(b) shall be issued with regard to this order.

New Orleans, Louisiana, this 22nd day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE