UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA A. WHITENER, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1552 |
| PLIVA, INC., ET AL. | SECTION "L" (4) |

## ORDER

This pharmaceutical products liability action arises out of congenital injuries to Lucas Whitener, son of Plaintiffs Joshua Whitener, Sr. and Lindsey Whitener, as well as injuries to Ms. Whitener, allegedly caused by the anti-emetic drug metoclopramide.

## I. ORIGINAL COMPLAINT

The Whiteners filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist against a variety of pharmaceutical entities, who allegedly designed, manufactured, marketed, or sold metoclopramide, as well as her treating doctor and clinic. The claims against the doctor and clinic were dismissed in state court on grounds of prematurity (Rec. Doc. 1-3 at 39), and the pharmaceutical entities removed to this Court. (Rec. Doc. 1). The Court previously granted a motion for judgment on the pleadings filed by the pharmaceutical entities, but allowed the Whiteners leave to amend their pleadings to attempt to assert a non-preempted state law claim. (Rec. Doc. 130).

## II. FIRST AMENDED COMPLAINT

The Whiteners then filed their first amended complaint. (Rec. Doc. 131). After the amended complaint had been filed, the pharmaceutical entities filed a joint motion to dismiss it. (Rec. Doc. 135). On June 4, 2012, this Court issued an order denying the pharmaceutical entities' motion to dismiss. (Rec. Doc. 145). The parties then submitted separate motions for reconsideration. (Rec. Docs. 151, 155). Both motions were denied on September 10, 2012. (Rec.

Doc. 160). There was no further activity in the case until a telephone status conference on June 19, 2013. (Rec. Doc. 165). During that conference, the Court instructed the parties that any further amended complaints were due on August 3, 2013. (Rec. Doc. 165).

### III.    SECOND AMENDED COMPLAINT

After several deficient attempts to move for leave to file a second amended complaint, the Whiteners succeeded on August 7, 2013. (Rec. Doc. 167). The motion was initially opposed by the pharmaceutical entities, but the parties conferred and the Whiteners then submitted an unopposed and revised second amended complaint on September 9, 2013, which was entered into the record the following day. (Rec. Doc. 181).

Defendants PLIVA, Barr Laboratories, and Teva Pharmaceuticals then filed a motion for summary judgment, (Rec. Doc. 175), on which the Court heard oral argument on October 16, 2013. However, the Court delayed its decision on that motion after Defendant Alaven Pharmaceutical filed its motion for summary judgment on November 1, 2013, and Defendant Schwarz Pharma filed a nearly identical motion on March 18, 2011 (Rec. Doc. 258). On March 27, 2014, the Court granted the motions and dismissed the claims against PLIVA, Inc., Barr Laboratories, Inc., Teva Pharmaceuticals, Alaven Pharmaceutical, and Schwarz Pharma, Inc., now known as UCB, Inc., Barr Pharmaceuticals, erroneously named Barr Pharmaceuticals, Inc., Watson Pharmaceuticals, Inc., and PLIVA Hrvatska. (Rec. Doc. 266).

Defendants Baxter Healthcare Meda Pharmaceuticals Inc. and Defendant Baxter Healthcare Corporation then filed motions for summary judgment on the same grounds. (Rec. Docs. 273, 278). On April 22, 2014, the Court granted the motions and entered judgment pursuant to Federal Rule of Civil Procedure 54(b). (Rec. Docs. 289, 290). It also entered judgment pursuant to Rule 54(b) with regard to its March 27, 2014 order. (Rec. Doc. 291). Following those orders and judgments, only Defendant Wyeth, LLC remained.

IV.     **THIRD AMENDED COMPLAINT**

The Whiteners then filed a motion for leave to file a third amended complaint, naming the non-diverse doctor and clinic. Those claims, which had previously had been dismissed on the basis that they were premature, are now mature. On April 23, 2014, Magistrate Judge Roby granted the Whiteners motion, which was unopposed (Rec. Doc. 294) and, the same day, their third amended complaint was entered into the record (Rec. Doc. 295). Since the entry of the third supplemental and amended complaint, a number of motions have been filed and remain pending.

On April 24, 2014, the Whiteners filed a motion to remand on the basis that the addition of the doctor and clinic had destroyed diversity and deprived the Court of subject matter jurisdiction. (Rec. Doc. 297). The Court set this motion for submission on May 28, 2014. (Rec. Doc. 298). On May 2, 2014, Wyeth filed a motion to dismiss for failure to state a claim or, in the alternative, a motion for summary judgment, asserting many of the same arguments advanced by the other now-dismissed pharmaceutical entities. (Rec. Doc. 299). On May 5, 2014, the Whiteners field a motion to vacate the Court's May 28, 2014, order setting a submission date for the motion to remand. (Rec. Doc. 303). Wyeth then filed a motion appealing Magistrate Judge Roby's order allowing the Whiteners to file their third amended complaint or, alternatively, a motion to sever or dismiss the non-diverse parties added by that complaint. (Rec. Doc. 308). Since then, newly-added Defendant Hospira Worldwide, Inc. has also filed a motion to dismiss for failure to state a claim or, alternatively, a motion to sever or dismiss the non-diverse doctor and clinic. (Rec. Doc. 311). On May 8, 2014, The Whiteners entered a notice of appeal as to this Court's orders and judgments relating to the dismissal of certain now-dismissed pharmaceutical entities. (Rec. Doc. 313).

Considering that pending appeal, the Court finds that it is in the interest of justice to administratively stay these proceedings and defer resolution of the pending motions until the

Whitener's appeal has been resolved. Doing so will allow for the consistent resolution of claims that are factually and legally interconnected, rather than potentially split these claims between this Court and the state court.

For these reasons, **IT IS ORDERED** that this matter is **ADMINISTRATIVELY STAYED** pending the outcome of the Whiteners' pending appeal.

New Orleans, Louisiana, this 20th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE